## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705,

                                     Plaintiff,

         -against-

CENTERS FOR DISEASE CONTROL AND
PREVENTION,
200 Independence Avenue SW
Washington, DC 20201,

-and-

U.S. DEPARTMENT OF HEALTH AND
HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201,

                                   Defendants.

Civil Action No. 1:24-cv-203

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendants Centers for Disease Control and Prevention ("**CDC**") and U.S. Department of Health and Human Services ("**HHS**," together with CDC, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1.       The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.       Venue is proper in this district pursuant to 5 U.S.C. § 522(a)(4)(B).

**PARTIES**

3.      Plaintiff ICAN is a not-for-profit organization with an office located at 2025

Guadalupe Street, Suite 260, Austin, Texas 78705 and is in good standing with the Texas Secretary

of State.

4.      Defendant CDC is an agency within the Executive Branch of the United States

Government, organized within HHS. CDC is an agency within the meaning of 5 U.S.C. § 552(f)

and has possession, custody, and control of records to which Plaintiff seeks access.

5.      Defendant HHS is an agency within the Executive Branch of the United States

Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession,

custody, and control of records to which Plaintiff seeks access.

**STATEMENT OF FACTS**

6.      On May 5, 2022, Plaintiff sent a FOIA request to CDC seeking copies of the

following records:

> **All emails sent by any personnel in the Immunization Safety**
> **Office, from January 1, 2020 through the date of the search**
> **that contain one or more of the following terms:**
>
> - **Instant messag! (! = bullion search)**
> - **pin-to-pin**
> - **WhatsApp**
> - **Signal**
> - **P2P**
> - **iMessage**
> - **Messenger**
> - **Hangouts**
> - **Jabber**
> - **IM (capitalized only)**
> - **WeChat**
> - **Microsoft Team(s)**
> - **Skype**
>
> **Information helpful to fulfilling the request: all listed search**
> **terms refer to digital messaging platforms and those are the**

> **contexts in which we are interested (e.g., "Signal" refers to the private messenger application available on electronic devices).**

(**Exhibit A**)

7.      On May 10, 2022, the request was received and assigned #22-01356-FOIA/22-01436-FOIA[1]. (**Exhibit B**)

8.      On June 1, 2022, at the request of the Agency, ICAN agreed to narrow the FOIA Request to the following:

> All emails sent by *John Su, Michael McNeil, Eric Weintraub, Frank DeStefano, and/or Tom Shimabukuro*, from January 1, 2020 through the date of the search that contain one or more of the following terms
> . . . .

(**Exhibit C**)

9.      On August 24, 2022, ICAN agreed to further narrow the FOIA Request to the following:

> All emails sent by John Su, Michael McNeil, Eric Weintraub, Frank DeStefano, and/or Tom Shimabukuro, from *January 1, 2021 through April 30, 2021* that contain one or more of the following terms. . . .

(**Exhibit D**)

10.      On May 24, 2023, ICAN clarified the scope of the request to include "emails that mention these terms in the context of ISO employees using methods other than email to discuss work-related topics." (**Exhibit E**)

11.      On July 6, 2023, CDC sent Plaintiff its final determination letter which stated in relevant part:

> **We located 826 pages of responsive records (683 page released in full; 57 pages released in part: 86 pages withheld in full). After a careful review of these previously requested**

---

[1] The body of the acknowledgment letter provided #22-01356-FOIA; however, the footer and remaining correspondence regarding this request were referenced with #22-01436-FOIA.

**pages, information was withheld from release pursuant to 5 U.S.C. §552 Exemptions 5 and 6. The foreseeable harm statement was considered when applying this redaction.**

(**Exhibit F**)

12.     Plaintiff submitted its appeal to CDC's final determination on August 25, 2023, challenging the CDC's withholding of information and data pursuant to exemption 5, pre-decisional material. (**Exhibit G**)

13.     In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, HHS has failed to make a determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

14.     Plaintiff realleges the previous paragraphs as if fully stated herein.

15.     Defendants were required to make a final determination on Plaintiff's appeal no later than October 10, 2023.

16.     Defendants failed to make a final determination on Plaintiff's appeal within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

17.     Defendants are in violation of FOIA.

## COUNT II
## IMPROPER WITHHOLDING OF INFORMATION AND DATA
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

18.     Plaintiff realleges the previous paragraphs as if fully stated herein.

19.     Defendants have failed to establish that they adequately applied exemption 5 to the withheld information and data.

20.     Defendants are in violation of FOIA.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.      Declare that Defendants' current and continued delay in processing Plaintiff's

FOIA appeal is unlawful under FOIA;

b.      Order Defendants to produce, by a date certain, any and all non-exempt records

responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld

under any claimed exemption;

c.      Enjoin Defendants from continuing to withhold any and all non-exempt records

responsive to Plaintiff's FOIA request;

d.      Maintain jurisdiction over this action until Defendants comply with FOIA and all

orders of this Court;

e.      Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably

incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.      Grant Plaintiff such other relief as the Court deems just and proper.


Dated: January 23, 2024                              SIRI & GLIMSTAD LLP

                                                     */s/ Elizabeth A. Brehm*
                                                     Elizabeth A. Brehm, DC Bar No. NY0532
                                                     R. Scott Pietrowski, MS Bar No. 99387
                                                     (*pro hac vice to be filed*)
                                                     Siri & Glimstad LLP
                                                     745 Fifth Avenue, Suite 500
                                                     New York, New York 10151
                                                     Tel: (212) 532-1091
                                                     ebrehm@sirillp.com
                                                     spietrowski@sirillp.com